## In re BURGHEIMER'S ESTATE.

(Surrogate's Court, New York County.   August 18, 1915.)

TAXATION ⊝⟹895—TRANSFER TAXES—PROPERTY LIABLE—PARTNERSHIP—GOOD
    WILL.

   A clause in the will of a member of a partnership made in pursuance
of an agreement with his partner, who was his brother, and who was to
make a similar will, that upon testator's death the partnership should
not be dissolved, but that testator's interest should be determined within
a certain time, and that nothing should be paid by his estate for the
good will or firm name, did not justify the transfer tax appraiser in find-
ing that there was no good will, since the testator cannot through tes-
tamentary disposition reduce a substantial asset of his estate to nothing
and thereby escape its taxation.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721;
Dec. Dig. ⊝⟹895.]

Proceedings to determine the transfer tax on the estate of Benjamin
Burgheimer.   From an order confirming the transfer tax appraiser's
report, the State Comptroller appeals.   Order vacated, and report re-
manded.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and
Alexander Otis, both of New York City, of counsel), for State Comp-
troller.

Otto A. Samuels, of New York City (Ralph H. Blum, of New York
City, of counsel), for respondent.

FOWLER, S.   The decedent died October 8, 1913.   His will con-
tained this provision:

   "In case I am a member of the copartnership firm of B. & J. Burgheimer,
then it is my will and intention that said copartnership shall not be dissolved
by my demise, but that the surviving member of that firm shall continue the
business until the following July 1st or January 1st, whichever day first ar-
rives, when stock shall be taken in the same manner as we have been accus-
tomed to take stock, and the amount of my interest determined, but nothing
shall be paid by my estate for the good will or firm name."

The transfer tax appraiser's finding was that decedent had no good
will as a partner in said firm, and an order was entered confirming the
appraiser's report.   The State Comptroller appeals from said report
and order because of this finding, and on the further ground that the
said good will was not worth less than $25,000.

The testimony shows that decedent and his partner, who was his
brother, had orally agreed that in the event of either dying nothing
should be paid by the survivor for the good will or firm name of said
business, and in addition it was agreed that wills should be made by
each partner containing this provision.   It is claimed this agreement
was carried out and the wills made.   It should be noted that the will
which it was stated was made by the surviving partner was not intro-
duced in evidence.   The clause in decedent's will above set forth, it is
claimed, is a result of that agreement, and that upon that clause it is

⊝⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

evident that the appraiser based his finding that the good will of said firm had no existence.

An agreement between partners as to the devolution of the good will of their business on the death of either does not prove that there is no "good will." Nor does it perhaps bind the state, not a party to the understanding. The transfer tax statute provides that property owned by a decedent at the time of his death is subject to a tax. This provision is subject to certain exemptions which do not apply in this particular case. Undoubtedly the decedent died owning an interest in the good will and firm name of the copartnership above mentioned. Consequently the good will formed a part of his estate as an asset. I fail to find any precedent by which testator, through the operation of his last will and testament, would be able to reduce to nothingness a substantial asset of his estate and thus escape its proper taxation. I have examined the authorities submitted by the respondent and do not think that they determine a legal finding different from that which I have expressed. The value of the good will and firm name does not appear to have been very clearly developed before the appraiser. This question should be resubmitted to him for further testimony and report.

The appeal is therefore sustained, and the order heretofore entered should be vacated and the matter remitted to the transfer tax appraiser for the purpose of taking further testimony as to the value of the said good will and firm name. Settle order on notice sustaining appeal, vacating order fixing tax and remitting report to appraiser for the purpose of taking testimony as to the value of the good will and firm name of the copartnership of which decedent had been a member.